## SERVICE RECORDER CO. v. ROUTZAHN, Collector.

District Court, N. D. Ohio, E. D. December 28, 1927.

No. 13978.

Internal revenue ⚖=38(12)—Evidence held to justify placing cash value of patent license at $20,300, in determining invested capital and depreciation in ascertaining income tax.

In determining cash value of patent license for purpose of ascertaining invested capital and depreciation to be allowed in arriving at income tax, evidence of bona fide purchase of considerable stock of plaintiff company at par, in addition to shares representing purchase price of license and obligation to pay future royalties, together with testimony as to value of shares given in payment for patent license, *held* to justify conclusion that license had an actual value of $20,300, as against value of $1,375 allowed by the Board of Tax Appeals.

At Law. Action by the Service Recorder Company against Carl F. Routzahn, Collector. Judgment for plaintiff.

Garfield, Cross, MacGregor, Daoust & Baldwin, of Cleveland, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, and C. M. Charest, General Counsel, and Henry A. Cox, both of Washington, D. C., for defendant.

JONES, District Judge. This is a suit to recover a deficiency in income tax, exacted by the government and paid under protest by the plaintiff. The parties filed a written waiver of jury, and the case was tried to the court.

It is conceded that the sole issue in the case is the value which shall be placed upon a certain patent license for the purposes of determining invested capital and depreciation to be allowed for the years 1919 and 1920. The Commissioner held the patent license had no value at the time it was acquired for invested capital purposes. The Board of Tax Appeals gave it a value of $1,-375, and allowed plaintiff a deduction for depreciation on that basis. The plaintiff claims for it a valuation of $20,200 on May 10, 1911, the date when it was acquired, represented by 202 shares of its capital stock of the par value of $100 each, issued as and for payment therefor.

The patent license granted the exclusive right to manufacture and sell, during the remaining term of the patent, a device for recording the time during which a vehicle is in motion. Plaintiff acquired by assignment the license and some other articles of practically no value on May 10, 1911, for a consideration of $20,200 in par value of the plaintiff's stock and the assumption of about $4,000 of debts.

I think reliable and credible evidence to support the taxpayer's contention as to value was offered by those best able to give an opinion upon that subject (testimony of Cool, Quail, and Sawyer). Mr. Cool testified that his opinion of value was, in part, "based on the mechanical simplicity of the patent and the difficulty in devising anything comparable in simplicity."

Without departing from the facts found by the Board of Tax Appeals, it would seem to me that some consideration should have been given to the additional facts: First, that a bona fide purchase was made of considerable stock at par by the directors and stockholders, in addition to the amount (202 shares) representing the purchase price of the license and other property (which had no apparent value); second, the obligation to pay future royalties. These are considerations which, standing alone, perhaps, would not prove cash value, but, taken together with the testimony as to value, given by the only witnesses who testified upon that subject, and the admitted issue of 202 shares of par in payment therefor, justify a conclusion that the license had an actual value on March 1, 1913, of $20,200.

In the absence of these facts and circumstances, the cash payment of $25 by Baumgaertner as consideration for the agreement of March, 1911, and the prior royalty payment of $1,250, made by him to the patentee under the 1910 contract, would have more controlling force in determining the value of the license. The value of a thing is not always and solely to be determined by precise mathematical computation based upon cash exchanged therefor; and values are sometimes enhanced by faith in the ultimate future of the thing for which those having such faith are willing to hazard their time, money, and effort. This is more particularly true in the case of patent licenses, although it may in many cases be applicable to tangibles, such as real estate purchased in anticipation and expectation of development and improvements. Within sound limits, the judgment and expectation of those assuming the risk are elements entering into a determination of value.

All that Baumgaertner was willing to pay and the patentee satisfied (perhaps through necessity) to accept for the license in March, 1911, ought not, in view of the evidence in this case, to be determinative of the cash value to be placed upon the license. Plaintiff obligated itself for future royalties and

for a considerable amount of stock at par, in addition to the amount of $20,200, par value, paid for the license. This was the genuine and recognized value at the time the obligation was assumed by those undertaking the venture. That the confidence of the plaintiff's officers was not immediately justified does not change the value which it was believed the patent license had at the time; nor do I think the necessity for a new agreement reducing royalties a true index to actual value or to the obligation originally contracted in the acquisition of the patent license agreement by the plaintiff.

In view of these considerations, I find the cash value of the patent rights on May 10, 1911, to have been $20,300, represented by 202 shares of the capital stock of the plaintiff, at par, issued in payment therefor, and $100 par value of stock subsequently issued in payment for expenses and services (allowed in finding of Board of Tax Appeals). Judgment accordingly will be entered for the plaintiff, as prayed.